IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LARRY EUGENE POLING, | § | |
|     PETITIONER, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:24-CV-494-D-BK |
| | § | |
| STATE OF TEXAS, | § | |
|     RESPONDENT. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this, Petitioner Larry Eugene Poling's second *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241 was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. As detailed here, the petition should be summarily **DISMISSED WITHOUT PREJUDICE** pursuant to the *Younger v. Harris* abstention doctrine.

**I. BACKGROUND**

This is Poling's second request for habeas corpus relief under 28 U.S.C. § 2241 in this Court related to his pending criminal charge for sexual assault of a child. *State v. Poling*, No. F2212389 (Crim. Dist. Ct. No. 4, Dallas Cnty., Tex.).[1][2] Poling states he was released on bail on January 12, 2024, following pretrial incarceration of about 16 months. Doc. 3 at 2-3, 6 (citing Tex. Code of Crim. Proc. art. 17.151, which provides for pre-trial release because of delay).

---

[1] The docket sheet is available on the Dallas County website by entering the case number (F2212389) at https://courtsportal.dallascounty.org/DALLASPROD/Home/Dashboard/29 (last accessed on Apr. 4, 2024).

[2] *See also Poling v. Director, TDCJ-CID, et al*, 3:23-CV-2166-B-BK (N.D. Tex. Jan 9, 2024) (dismissing Poling's first petition pursuant to *Younger* abstention doctrine).

According to online records, the trial court recently dismissed Poling's first counsel, appointed him a new attorney, and scheduled his case for pretrial conference and trial in May 2024.

In his habeas petition, Poling complains of ineffective assistance of counsel by the dismissed attorney. Doc. 3 at 1-9. He asserts that the attorney neglected him for nearly one year, although he was eligible for pretrial release under art. 17.151. Doc. 3 at 2. According to Poling, the attorney also failed to assist him after he was released. Doc. 3 at 6-7. Poling alleges that the dismissed counsel was ineffective under the Sixth Amendment, labored under a conflict of interest, and failed to abide by Texas Disciplinary Rules of professional conduct. Doc. 3 at 3-9.

Upon review, the Court finds that Poling's claims are barred by the *Younger* abstention doctrine. Therefore, his petition should be dismissed.[3]

**II. ANALYSIS**

Challenges raised in a pretrial habeas corpus petition are governed by 28 U.S.C. § 2241. *See Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998). A § 2241 habeas petition is subject to summary dismissal if it appears from the face of the petition that the petitioner is not entitled to relief. *See Wottlin v. Fleming*, 136 F.3d 1032, 1034 (5th Cir. 1998) (affirming summary dismissal of § 2241 petition without ordering an answer from respondent); *see also* Rule 4 of the RULES GOVERNING SECTION 2254 CASES (providing for summary dismissal of habeas petitions).[4]

Review of pretrial habeas petitions is limited, however, to avoid unwarranted interference with ongoing state-court criminal proceedings. *Kolski v. Watkins*, 544 F.2d 762, 766 (5th Cir.

---

[3] Because the Court lacks habeas jurisdiction, it need not require compliance with the Court's filing requirements.

[4] Rule 1(b) of the RULES GOVERNING SECTION 2254 CASES renders the 2254 Rules applicable to habeas petitions not covered by § 2254.

1977) (applying *Younger* abstention doctrine to pretrial habeas petition and noting "[t]here is no practical difference between granting federal habeas relief from a pending state criminal trial and enjoining the same trial"). Therefore, the Court must first examine the threshold question of whether it has subject matter jurisdiction here.

As mentioned above, Poling seeks to raise constitutional challenges related to his ongoing state criminal case. The *Younger* abstention doctrine precludes federal courts from granting injunctive or habeas relief based on constitutional challenges to state criminal prosecutions that are pending at the time the federal action is instituted. *Younger v. Harris,* 401 U.S. 37, 41 (1971); *Kolski*, 544 F.2d at 766. For *Younger* to apply, three criteria must be satisfied: (1) the dispute must involve an ongoing state judicial proceeding; (2) an important state interest in the subject matter of the proceeding must be implicated; and (3) the state proceeding must afford an adequate opportunity to raise constitutional challenges. *Gates v. Strain*, 885 F.3d 874, 880 (5th Cir. 2018) (citations omitted).

The *Younger* abstention requirements are met here. First, Poling asks the Court to intervene to resolve issues related to his ongoing state criminal case. And this Court's grant of habeas relief would necessarily interfere with the state court's ability to conduct its own proceedings, in contravention of *Younger*. *See Bice v. La. Pub. Def. Bd.*, 677 F.3d 712, 716 (5th Cir. 2012) ("Interference is established 'whenever the requested relief would interfere with the state court's ability to conduct proceedings, regardless of whether the relief targets the conduct of a proceeding directly.'"). Second, the state obviously has a vital interest in prosecuting violations of its criminal laws. *DeSpain v. Johnston,* 731 F.2d 1171, 1176 (5th Cir. 1984) ("The state has a strong interest in enforcing its criminal laws."). Third, Poling can litigate the

ineffective-assistance of counsel claim he raises here in the state proceedings. Texas courts also offer Poling the chance to exhaust any claim of ineffective assistance of counsel on collateral review if he is convicted. *See Trevino v. Thaler*, 569 U.S. 413, 426 (2013).

Finally, while there are exceptions to the *Younger* abstention doctrine, Poling has not suggested, much less shown, that any of the very narrow exceptions would apply here. *See Gates*, 885 F.3d at 881 (detailing exceptions and noting the petitioner bears the burden of proof (citing *Younger*, 401 U.S. at 45)). Poling's dissatisfaction with the performance of his dismissed attorney does not rise to extraordinary circumstances. *Kugler v. Helfant*, 421 U.S. 117, 124 (1975) ("Only if 'extraordinary circumstances' render the state court incapable of fairly and fully adjudicating the federal issues before it, can there be any relaxation of the deference accorded to the state criminal process."); *Chavez v. Dallas Cnty. Sheriff's Off.*, No. 3:21-CV-891-B-BK, 2022 WL 2182189, at *3 (N.D. Tex. Apr. 21, 2022), *rec. adopted*, 2022 WL 2181067 (N.D. Tex. June 16, 2022) (dismissing pre-trial habeas petition raising ineffective assistance of counsel, among other grounds, based on the *Younger* abstention doctrine because the petitioner had shown no extraordinary circumstances).

In sum, because Polling cannot show that any exception to the *Younger* abstention doctrine is warranted, the Court should abstain from exercising habeas jurisdiction over his claims that seek federal intervention in his pending Dallas County prosecution. *See Kolski*, 544 F.2d at 766 (affirming denial of federal habeas petition by state pretrial detainee relating to his pending criminal prosecution).

### III. CONCLUSION

For all these reasons, Poling's habeas corpus petition should be **DISMISSED WITHOUT PREJUDICE** under the *Younger* abstention doctrine.

**SO RECOMMENDED** on April 11, 2024.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).